Submitted August 1, 2019, affirmed February 5, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

PHAKOUBON RAJSAVONG,
*Defendant-Appellant.*

Multnomah County Circuit Court
16CR77165; A166762

456 P3d 664

Jerry B. Hodson, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kristin A. Carveth, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Colm Moore, Assistant Attorney General, filed the brief for respondent.

Before DeHoog, Presiding Judge, and Egan, Chief Judge, and Mooney, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Defendant appeals a judgment of conviction for two counts of first-degree sodomy, ORS 163.405, and one count each of first-degree kidnapping, ORS 163.235, first-degree robbery, ORS 164.415, first-degree unlawful sexual penetration, ORS 163.411, and first-degree rape, ORS 163.375, assigning error to the admission of a single hearsay statement. The state concedes that the trial court erred in admitting the hearsay statement but argues that the error was harmless. We affirm.

A detailed discussion of the facts of this case would be of little benefit to the bench, bar, or public. Having reviewed the record, we conclude that it is unlikely that the particular error affected the verdict in this bench trial. *See State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003) ("Oregon's constitutional test for affirmance despite error consists of a single inquiry: Is there little likelihood that the particular error affected the verdict?"). The hearsay statement duplicated other, more detailed evidence on the same point. *Id.* at 33 (focusing on whether the factfinder would regard the evidence as duplicative or unhelpful). The statement was unlikely to have bolstered the victim's credibility, as defendant contends, because it also supported defendant's theory of the case. The parties did not dwell on the hearsay evidence and the prosecutor did not rely on it in closing argument or at any other point after it was admitted. *See State v. Flores*, 284 Or App 754, 761, 395 P3d 73, *rev den*, 361 Or 645 (2017) (harmless error where evidence was "limited and played no role in the state's closing argument"). We conclude that there is little likelihood that admitting the challenged hearsay statement affected the verdict.

Affirmed.